FILED
SUPERIOR COURT
OF GUAM

2021 JUN 15 PM 5: 01

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0220-18 |
| vs. | |
| JOHNNY LUJAN AGUON,<br>DOB: 09/30/1960 | **DECISION AND ORDER**<br>(Motion for Reduction of Sentence) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas upon the Motion for Reduction of Sentence filed by Defendant Johnny Lujan Aguon ("Defendant"). Defendant is represented by Assistant Public Defender William C. Bischoff. Assistant Attorney General Christine Santos Tenorio represents the People of Guam ("the People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** the Defendant's Motion for Reduction of Sentence.

## BACKGROUND

On April 24, 2018, the Defendant was charged with the following crimes: (1) First Degree Criminal Sexual Conduct (as a 1st Degree Felony), (2) Attempted First Degree Criminal Sexual Conduct (as a 1st Degree Felony), (3) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony), (4) Indecent Exposure (as a 3rd Degree Felony), and (5) Harassment (as a Petty Misdemeanor). Prior to the commencement of the jury trial, the People dismissed the charge of Indecent Exposure. On February 18, 2019, a petit jury for the Superior Court of Guam found Defendant guilty for all remaining charges. At a sentencing hearing held

on June 13, 2019, the Honorable Arthur R. Barcinas sentenced the Defendant to a total of thirty (30) years imprisonment at the Department of Corrections, to include the following:

a) Thirty (30) years imprisonment at the Department of Corrections for the conviction of First Degree Criminal Sexual Conduct and the merged offense of Attempted First Degree Criminal Sexual Conduct;
b) Fifteen (15) years imprisonment at the Department of Corrections for the Conviction of Second Degree Criminal Sexual Conduct, to run concurrent with the above sentence;
c) Sixty (60) days imprisonment at the Department of Corrections for the conviction of Harassment, to run concurrent with the above sentences.

After Defendant's sentence was affirmed by the Supreme Court of Guam, Defendant filed a Motion for Reduction of Sentence on April 20, 2021. The People filed an Opposition to Defendant's Motion to Reduce Sentence on May 12, 2021.

## DISCUSSION

Title 8 G.C.A. § 120.46 permits a defendant to request that the court reduce the defendant's sentence within 120 days after the sentence is imposed, or within 120 days of the Supreme Court of Guam's affirmance of the sentence. *See* 8 G.C.A. § 120.46 (2015). Here, the Supreme Court of Guam affirmed Defendant's sentence on December 23, 2020. Defendant filed his Motion 118 days later on April 20, 2021. Therefore, the filing of his Motion was timely because it was filed within 120 days of the Guam Supreme Court decision. Although the Motion was timely, the Court **DENIES** the Defendant's Motion for Reduction of Sentence for the reasons set forth below.

**I. THE COURT DENIES THE DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE BECAUSE THE THIRTY-YEAR SENTENCE IS LEGAL AND WITHIN THE RANGE PERMITTED BY GUAM LAW.**

Guam law provides that prison sentences for First Degree Criminal Sexual Conduct offenses, which Defendant was convicted, may range from a minimum of fifteen years to a maximum of life imprisonment. *See* 9 G.C.A. § 25.15(b) (2015). Here, the Defendant was

sentenced to thirty years imprisonment. Thus, because the sentence was less than the maximum of life in prison, and more than the minimum of fifteen years imprisonment, the Defendant's sentence falls within the permitted statutory range. Because the sentence is legal under Guam law, any reduction of the sentence is based on the Court's discretion.

## II. THE COURT DENIES THE DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE BECAUSE IT FINDS THAT THE THIRTY YEAR SENTENCE IS APPROPRIATE WHEN CONSIDERING RELEVANT SENTENCING FACTORS.

While a Defendant may request that a court reduce an imposed sentence under 8 G.C.A. § 120.46, such a reduction is based on the Court's discretion. Because 8 G.C.A. § 120.46 mirrors former Federal Rule of Criminal Procedure 35, the Court looks to persuasive federal cases when interpreting this statute. Federal courts have found that when submitting a Motion to Reduce Sentence, a defendant requests *leniency* from the court. *U.S. v. Eastman,* 743 F. 2d 1322, 1324 (9th Cir. 1984). If a lawful sentence was imposed in the first instance, a court may use its discretion to reduce a sentence if it determines that "the original sentence now seems unduly harsh" upon further reflection. *U.S. v. Maynard,* 485 F. 2d 247, 248 (9th Cir. 1973).

Here, it has been established that the Defendant's sentence was lawful. Therefore, the Defendant appeals for leniency and requests that the Court consider reducing his sentence to fifteen years from the imposed thirty years. Def.'s Mot. (Apr. 20, 2021) at 2. Defendant's counsel argues that the thirty year sentence is fifteen years more than the requisite minimum sentence, and that a fifteen year sentence would already be a long sentence. *Id.* Additionally, Defendant's counsel argues that the Court should reduce the Defendant's sentence because he maintains his innocence, is a hard worker, and will be "over seventy years old" upon release after only a fifteen year sentence. *Id.* Without further explanation, defense counsel also contends that the minimum sentence would adequately serve the interests of the public. *Id.*

The People's Opposition rejects these notions, arguing that there is no reason that the Defendant's sentence should be reduced. People's Opp'n (May 12, 2021) at 3. The People argue that the factors established in Title 9 G.C.A. § 80.60(b) support a thirty year sentence. *Id.* Additionally, the People argue that there has not been any change in circumstances that would warrant a reduction of the Defendant's thirty year sentence, and that the sentence, as imposed, is appropriate to incapacitate the Defendant and deter him from committing further crimes. *Id.*

While Guam law does not provide a definitive list of factors courts are required to consider when imposing sentences, Guam has adopted factors to be considered when imposing or withholding probation in lieu of imprisonment under 9 G.C.A. § 80.60. *People v. Manila,* 2018 Guam 24 ¶ 13. A trial court's discretion in sentencing is "largely unlimited either as to the kind of information [it] may consider, or the source from which it may come." *Id.* at ¶ 12 (quoting *People v. Castro,* 2013 Guam 20 ¶ 62) (internal quotation marks omitted). Courts may consider a breadth of information regarding the character and nature of the defendant and his criminal conduct during sentencing. *Manila,* 2018 Guam 24 ¶ 12–13. For example, the Court may consider sentencing memoranda and the presentence investigation report. *People v. Damian,* 2016 Guam 8 ¶ 24. This report includes information regarding "circumstances attending the commission of the crime" and the "physical and mental condition" of the defendant, among other factors. 9 G.C.A. § 80.12(c).

Here, the Court considered these factors at sentencing. The Court found the circumstances surrounding the commission of the crime to be particularly serious as they involved the sexual assault of a 10-year-old female known to the Defendant on several occasions between 2013 and 2018. This was a serious crime involving the abuse of a position of trust and a vulnerable victim. In addition, at the sentencing hearing, the Court noted the Defendant's lack of remorse and lack of acceptance of any responsibility. Min. Entry (Jun. 13,

2019). While the defense notes the Defendant will be over seventy years old after a fifteen year sentence, this is information was known at the time of sentencing. Additionally, consideration of a defendant's age is not normally relevant in sentencing determinations. *U.S. v. Lee*, 232 F. 3d 898 (9th Cir. 2000). The Court does not find any of the other factors raised by the defense to be persuasive. Thus, given the seriousness of this crime and the other relevant factors discussed above, the Court concludes that the Defendant's sentence was appropriate.

## CONCLUSION

For the above reasons, the Court **DENIES** the Defendants' Motion for Reduction of Sentence.

**IT IS SO ORDERED** JUN 15 2021 .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSC

Date: 6/16/21 Time: 7:56pm .
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam